**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

**FILED**

February 02, 2026

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY:_____NM_____
DEPUTY

| | | |
|---|---|---|
| **COMPUTERIZED SCREENING INC.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **NO. SA-25-CV-00287-OLG-ESC** |
| | § | |
| **RMES COMMUNICATIONS INC., JEFFRY WILLIAMS, and MILES MALONE,** | § | |
| | § | |
| **Defendants.** | § | |

### ORDER ADOPTING REPORT AND RECOMMENDATION

The Court has considered United States Magistrate Judge Elizabeth S. Chestney's Report and Recommendation (R&R), filed November 20, 2025, concerning the Motion to Dismiss for Lack of Personal Jurisdiction filed by Defendant Jeffry Williams (Dkt. No. 16) and the Renewed Motion to Dismiss Plaintiff's First Amended Complaint for Lack of Personal Jurisdiction filed by Defendants RMES Communications, Inc. and Miles Malone (Dkt. No. 22). (*See* R&R, Dkt. No. 33.)

A party who wishes to object to a Magistrate Judge's findings and recommendations must serve and file specific written objections within 14 days. FED. R. CIV. P. 72(b)(2). The parties, through counsel, were electronically served with a copy of the R&R on November 21, 2025. Only Defendant Williams has filed objections, which were timely submitted on December 5, 2025 (*see* Dkt. No. 35).

When a party objects to an R&R, the Court must make a de novo determination as to "any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(b)(3); *see United States. v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989), *cert. denied*, 492 U.S. 918 (1989). Objections must be specific; frivolous, conclusory, or general objections need

not be considered by the district court. *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982), *overruled on other grounds by Douglass v. U.S. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996)). Any portions of the Magistrate Judge's findings or recommendations that were not objected to are reviewed for clear error. *Wilson*, 864 F.2d at 1221. Upon review, the Court finds that Williams's objections should be and hereby are **OVERRULED** for the following reasons.

First, Williams's objection that the Magistrate Judge erred by placing too much emphasis on the fact that Williams made one trip to Texas relies on caselaw discussing personal jurisdiction in the breach-of-contract context. (*See* Dkt. No. 35 at 2.) The R&R emphasizes that Williams allegedly made fraudulent statements to Plaintiff during his visit to Texas because, as the R&R correctly explains, Williams is being sued for the intentional tort of fraud (i.e., not breach of contract), and when "the actual content of communications with[in] a forum gives rise to intentional tort causes of action, this alone constitutes purposeful availment." (Dkt. No. 33 at 11 (quoting *Wien Air Alaska, Inc. v. Brandt*, 195 F.3d 208, 213 (5th Cir. 1999)). Second, Williams's objection concerning the fairness of subjecting him to litigation in Texas is equally unavailing. As the Magistrate Judge correctly pointed out, a "compelling" showing is required for a defendant to defeat jurisdiction on fairness grounds, and inconvenience to a non-resident defendant will not suffice. (*See* Dkt. No. 33 at 13–14.)

Accordingly, the Court **ADOPTS** the Magistrate Judge's R&R (Dkt. No. 33) and, for the reasons set forth therein and above, Defendant Williams's Motion to Dismiss for Lack of Personal Jurisdiction (Dkt. No. 16) and Defendants RMES and Malone's Renewed Motion to Dismiss based on lack of personal jurisdiction (Dkt. No. 22) are **DENIED.**

It is so **ORDERED**.

**SIGNED** on February _____, 2026.

ORLANDO L. GARCIA
United States District Judge